UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

----------------------------------------------------------------

**CASSETICA SOFTWARE, INC.**

Plaintiff,

-against-

**COMPUTER SCIENCES CORPORATION,**

Defendants.

----------------------------------------------------------------

**MEMORANDUM OF LAW IN
OPPOSITION TO MOTION TO DISMISS**
Civil Action No. 09-CV-3-VK-GSB

Plaintiff, Cassetica Software, Inc., as and for its Response to defendants Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Failure to State a Claim Upon which Relief May be Granted as well as other arguments, hereby submits the following upon information and belief:

## FACTS

Plaintiff, Cassetica Software, Inc., commenced this action on January 5, 2009, alleging seven separate claims against the Defendants, including statutory copyright infringement per 17 U.S.C. §501 et. seq., 17 U.S.C. § 101 et seq., common law copyright infringement, breach of contract, Computer Fraud and Abuse Act, 18 U.S.C. section 1030 et seq., conversion, trespass to chattels and unjust enrichment. The Complaint, ECF document No. 1, alleges that the Defendants, unlawfully downloaded plaintiff's software and continues to do so.

On or about February 13, 2009, Plaintiff filed its First Amended Complaint and duly served same upon defendants. Therein, plaintiff removed its common law copyright infringement claim, and removed the allegations pertaining to downloads by the Defendant outside of the applicable Statute of Limitations period of three years.

As stated in the First Amended Complaint, over a ten year period, Plaintiff designed and implemented a computer program that streamlines and enhances the "Lotus Notes" software program for computer users. "Lotus Notes" is a communication software program, created by IBM, where a user, such as a business and its workers, develop communications and database oriented applications

-1-

so that users located at different geographic locations can share files with each other, comment on them publicly or privately (to groups with special access), keep track of development schedules, work projects, and many other documents, including multimedia files. Notes keeps track of changes and makes updates to replications of all databases in use at any site.

When the "Lotus Notes" program "crashes"(when an application performs an illegal operation and the operating system, such as Microsoft Windows, is forced to abort the execution of the application), the computer and/or device must be rebooted, or restarted, which requires that all programs being used at the time be shut down or terminated. Such a process can be time consuming and onerous, leading to loss of valuable data and productivity at the work place.

To address the problems associated with "Lotus Notes" crashing, Plaintiff has created and developed a software program named "NotesMedic™". Plaintiff authored and developed the NotesMedic™ software program, including the source code (Code written in a high-level language and readable by people but not computers. Source code must be converted to object code or "machine language" before a computer can read or execute the program.).

Additionally, NotesMedic™ allows a user to do the following: Specify the path to the notes.exe program for users who are restricted from the registry; Add new programs in the launch window, so you can launch the Administrator and Designer clients; Install the program on computers with multiple versions of Lotus Notes installed; Clean a crash and restart without a notification.

Plaintiff has released several versions of its software since 2000.

Plaintiff's software, NotesMedic™, contain a large amount of material wholly original with Plaintiff and are copyrightable subject matter under the laws of the United States.

NotesMedic™ is worth millions of dollars, and constitutes Cassetica's most valuable asset.

Cassetica has obtained a Certificate of Registration for its copyright interest in each version of NotesMedic™ with an effective date of January 22, 2007. Said Certificate of Registration states that the title of the work is "Notes Medic and Notes Medic Pro". It further lists Cassetica Software Inc. as the author, the nature of the authorship as development of software, and the year in which the creation of this work was completed was 2006. See a copy of the Certificate of Registration attached hereto as Exhibit "A".

As a copyright holder of NotesMedic™, Plaintiff has exclusive rights in NotesMedic™,

including the right to distribute and license out said software program.

Defendant was a previous subscriber and entered into an agreement with Plaintiff whereby Defendant purchased an "Enterprise Agreement" for NotesMedic without maintenance plan from Plaintiff for the period from 2002-2003. That previous agreement expired in 2003. However, during and subsequent to its expiration, Plaintiff downloaded software and updates in violation of its agreement, as well as continuing to download software after there was no longer any agreement in place, despite receiving notice from Plaintiff that it was unlawful for Defendants to continue to do so.

Plaintiff has determined that Defendants have downloaded and continue to download software of Plaintiff's in violation of the copyright statutes and in violation of Plaintiff's rights despite Defendants being placed on notice of the unlawfulness of their actions.

Defendants were duly served on January 12, 2009 by process server Timothy Bennet, ECF document no. 11. Defendants then filed a motion to dismiss Plaintiff's Complaint on February 3, 2009. Thereafter, on February 13, 2009, Plaintiff Counsel filed its First Amended Complaint. On February 23, 2009, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint. Thereafter, on February 24, 2009, this Honorable Court deemed the defendants' first motion to dismiss stricken as moot. Plaintiff now submits this Memorandum of Law in Opposition to Defendants' motion to dismiss Plaintiff's First Amended Complaint.

For all of the reasons provided herein, Defendants motion should be denied in its entirety. Defendants fail to prove that the allegations within the Complaint are insufficient to state a cause of action.

## LEGAL STANDARD FOR FAILURE TO STATE A CAUSE OF ACTION

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to decide the merits of the case. Gibson v. City of Chicago, 910 F. 2d 1510, 1520 (7th Cir. 1990); Johnsrud v. Carter, 620 F.2d 29, 33 (3rd Cir. 1980). A court should dismiss a claim for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. See Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). Federal Rule of Civil

Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief." This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims." Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). Claims lacking merit are more appropriately dealt with through summary judgment pursuant to Rule 56. See Swierkiewicz v. Sorema N.A, 534 U.S. 506, 122 S. Ct. 998, 152 L. Ed. 2d 1. If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) before fashioning a response. Id.

Furthermore, because granting a motion to dismiss results in a determination on the merits at an early stage of a plaintiff's case, the court "must accept as true all well-pleaded allegations of fact in the Plaintiff's complaint, and any reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff thereby construing the complaint in the light most favorable to Plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." See Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988); Fortner v. Thomas, 983 F.2d 1024, 1027(11th Cir. 1993); Sam's Wines & Liquors, Inc. v. Sean Hartig, et al, 2008 U.S. Dist. LEXIS 76451 (N.D. IL, Sept. 24, 2008) citing Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004).

"A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." See Marple v. Countrywide Financial Corporation et al, 2008 U.S. Dist. LEXIS 37705 (D.N.J. May 7, 2008)(J.Bumb) citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 167 L. Ed. 2d 929 (2007); Sam's Wines & Liquors, Inc. v. Sean Hartig, et al, 2008 U.S. Dist. LEXIS 76451 (N.D. IL, Sept. 24, 2008) citing E.E.O.C. v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007).

In deciding a motion to dismiss, "a court should look to the face of the complaint and decide whether, taking all the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. At 1974. Clearly, in the case at hand, Plaintiff has plead far more than enough factual allegations to state a claim for relief that is plausible on its

face.

## ARGUMENT I

## DEFENDANTS' ARGUMENT THAT COUNT I OF THE FIRST AMENDED COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS SHOULD BE DENIED

Defendants' argument that Count I of the First Amended Complaint is barred by the applicable statute of limitations of three years should be denied as Count I does not make any claim for statutory infringement outside of the statute of limitations.

Defendants' argument that Count I of Plaintiff's claims which accrued prior to January 2, 2006 are time-barred by the Statute of Limitations is moot. Plaintiff filed its First Amended Complaint on February 13, 2009 and therein removed any allegation of claims prior to January 2, 2006. It is respectfully submitted that defendant refiled its motion without reviewing the First Amended Complaint which removed those causes of action and mooted this argument.

Therefore, this argument is moot and Defendants motion to dismiss Count I on this basis should be denied in its entirety.

## ARGUMENT II

## DEFENDANT'S ARGUMENT THAT TITLE 17 BARS STATUTORY DAMAGES AND LEGAL FEES IN CONNECTION WITH COUNT I IS FRIVOLOUS AND PREMATURE AS THIS MATTER HAS NOT REACHED THE DAMAGES JUNCTURE

Defendants' argument that Plaintiff failed to avail itself of registration before the alleged acts of infringement and therefore Title 17 U.S.C. section 412(2) limits the availability of statutory damages and attorneys' fees to Plaintiff is frivolous. Pursuant to the First Amended Complaint, Plaintiff is pursuing acts of infringement which followed the effective date of the Certificate of Registration, January, 2007, to the present. Therefore, this argument by the Defendants is disingenuous as the Plaintiff is not seeking to recover statutory damages and attorney's fees for alleged acts of infringement prior to the date of the Certificate of Registration.

Additionally, Defendants' argument that Title 17 U.S.C. section 412(2) limits the availability of statutory damages and attorneys' fees is premature. The instant action has only recently been commenced and therefore, has not yet reached the damages phase. The issue of

damages is not ripe at this juncture. Accordingly, defendants' motion to dismiss Count I based upon this should be denied.

## ARGUMENT III

## DEFENDANTS' ARGUMENT THAT COUNT I SHOULD BE DISMISSED BASED UPON THE FEDERAL APPLICATION REQUIREMENT AND THAT THERE IS NO BASIS OR JURISDICTION TO ENFORCE WORKS EARLIER THAN 2006 SHOULD BE DENIED AS MOOT

Defendants' argue that Count I should be dismissed as there is no basis or jurisdiction for the Court to enforce works earlier than 2006 since the Plaintiff's Certificate of Registration has the year of creation as 2006.

Once again, Plaintiff is seeking to enforce works from the date of the Certificate of Registration to the current date and continuing as the Defendants continue to intentionally infringe on the Plaintiff's copyright set forth in said Certificate. Therefore, the Plaintiff is not seeking to enforce the infringement which occurred prior to 2007. Paragraphs 26 - 29 of the First Amended Complaint clearly state that Plaintiff's claim is for infringement occurring between the years 2007-2009 and continuing to the present date. It is respectfully submitted that defendant re-filed its motion without reviewing the First Amended Complaint which removed those causes of action and mooted this argument.

Although Defendants' acts of infringement have occurred from the date that they obtained a license agreement with Plaintiff in 2002, Plaintiff is only seeking to enforce the acts of infringement by Defendant since January 22, 2007, the date of the Certificate of Registration which was filed by Plaintiff with the Copyright Office.

Count I states that the Defendant was a previous subscriber. This is asserted for the purpose of alleging to the Court that the infringement which is continuing to occur by Defendants is knowing, intentional and blatant. Defendants are fully aware that they are legally required to purchase a license to lawfully download Plaintiff's software and distribute same to their subsidiaries. Disregarding the legal certificate, Defendant continues to download Plaintiff's software while knowing that they do not possess an appropriate license from Plaintiff to do so and being on notice that doing so is an infringement of Plaintiff's rights.

Plaintiff undisputedly owned the copyright for "NotesMedic" and "NotesMedic Pro" per

-6-

the Certificate of Registration dated January 22, 2007. Defendants, per the download logs attached to the First Amended Complaint clearly downloaded said program(s) during the 2007-2009 period **and continuing as recently as March 3, 2009.** Furthermore, Defendants did so without a proper license from Plaintiff.

Defendants' argument is defective and their motion should be denied as Plaintiff is not seeking in their complaint to enforce the acts of infringement which occurred prior to the date of their Certificate of Registration. Plaintiff's First Amended Complaint makes it clear that the actions of infringement which they are pursuing are the ones occurring from 2007-2009 and continuing to the present date and that such actions of defendant are intentional, knowing and willful.

## ARGUMENT IV

### PLAINTIFF'S REGISTRATION CLEARLY IDENTIFIES THE SOFTWARE WHOSE LICENSE THE DEFENDANTS HAVE VIOLATED AND DEFENDANTS' ARGUMENT TO THE CONTRARY SHOULD BE DENIED

Defendants' argument that Plaintiff's registration fails to identify the software whose license Defendants have violated should be denied as baseless. Plaintiff's Certificate of Registration is attached hereto as Exhibit "A" and the document speaks for itself. However, a review of said document clearly shows that the title of the work is NotesMedic and that the previous or alternative title is NotesMedic Pro. Additionally, the certificate provides that the name of the author is "Cassetica Software Inc." and the nature of authorship is "development of software package". The effective date of the registration is January 22, 2007 and the year in which creation of this work was completed is 2006.

It is clear that the First Amended Complaint is alleging that the Defendants are in violation of this copyright, and are seeking recourse for the violations from 2007-2009 and continuing for Defendants' intentional violations of this copyright.

Plaintiff's allegations in paragraphs 19-38, clearly allege that all of the downloads by Defendants were acts of infringement as they did not have a valid license agreement with Plaintiff for said downloads. Furthermore, it was alleged that such actions of Defendants were intentional as they were placed on notice and ignored such notice and continue to download software in violation of the copyright of Plaintiff for its software and updates.

Therefore, defendants argument that the First Amended Complaint is not clear what

software is properly the subject of the alleged infringement, license and registration should be denied in its entirety.

## ARGUMENT V

## DEFENDANTS MOTION TO DISMISS COUNT II OF THE COMPLAINT BASED UPON FAILURE TO STATE A CLAIM SHOULD BE DENIED AS PLAINTIFF HAS CLEARLY MET THE PLEADING REQUIREMENTS

Defendants argument that Count II fails to state a claim should be denied.

Plaintiff has alleged in its complaint that Defendants were previous subscribers through an "Enterprise License" with Plaintiff. Although that agreement pertained to version 2.3 and permitted downloading of updates, said agreement did not permit copying and distributing said software to subsidiary companies. In that event, a Global License would be required. Therefore, Defendants breached their agreement by copying and distributing the software to other subsidiary companies.

Furthermore, despite the expiration of that agreement, Defendants continued to download, copy and distribute Plaintiff's software without acquiring the proper license. As alleged in the First Amended Complaint, Defendants have continued to download Plaintiff's software with the most recent download occurring on March 3, 2009.

Plaintiff has met the minimum notice pleading standard in the instant matter and if all the allegations of fact are taken as true and construed in a light most favorable to the nonmovant, plaintiff has alleged enough facts to state a claim for relief that is plausible on its face.

Therefore, based on the foregoing, Defendants' motion to dismiss should be dismissed in its entirety.

## ARGUMENT VI

## DEFENDANTS' ARGUMENT THAT COUNT III FAILS TO PLEAD DAMAGE AND LOSS SHOULD BE DENIED AS PLAINTIFF HAS PLEAD ALL THE NECESSARY ELEMENTS AND HAS PROPERLY PUT DEFENDANTS ON NOTICE BY ITS WELL-PLEADED ALLEGATIONS IN ITS COMPLAINT THAT IT IS PURSUING A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT

Contrary to Defendants' argument that Plaintiff has failed to plead both damage and loss, Plaintiff has plead all the necessary elements for Defendants to be liable under the Computer Fraud and Abuse Act. Paragraphs 48 through 56 allege both damage and loss and properly pleads

a claim under the Computer Fraud and Abuse Act.

Plaintiff has met the minimum notice pleading standard in the instant matter and if all the allegations of fact are taken as true and construed in a light most favorable to the nonmovant, plaintiff has alleged enough facts to state a claim for relief that is plausible on its face.

Additionally, Defendants argue, again, that any claims accruing prior to January 2, 2007 are barred. This argument is completely unnecessary as Plaintiff's First Amended Complaint is not seeking to pursue claims accruing prior to January 2, 2007. It is respectfully submitted that defendant re-filed its motion without reviewing the First Amended Complaint which removed those causes of action and mooted this argument.

Therefore, Defendants' motion to dismiss Count III of the First Amended Complaint should be denied.

**ARGUMENT VII**

**DEFENDANTS' ARGUMENT THAT PLAINTIFF'S CONVERSION CLAIM FAILS TO STATE A CLAIM, IS PRE-EMPTED AND BARRED IS BASELESS AND INCORRECT AND SHOULD BE DENIED**

Plaintiff has plead all the necessary elements of conversion and the First Amended Complaint describes in sufficient detail the allegations of conversion to give the Defendants fair notice of what the claim is and the grounds upon which it rests. Additionally, the First Amended Complaint suggests that the plaintiff has a right to relief above the speculative level.

Furthermore, Plaintiff is aware of the statute of limitations for conversion claims, and the First Amended Complaint clearly states it is seeking recourse only for actions well within the applicable statute. Therefore, said complaint does not seek recourse for any acts which occurred before January 1, 2004 and would be barred. It is respectfully submitted that defendant re-filed its motion without reviewing the First Amended Complaint which removed those causes of action and mooted this argument.

Finally, Defendants argue that the conversion claim is pre-empted under the Copyright Act. "Preemption under the Copyright Act is governed by 17 U.S.C. section 301(a), which provides in pertinent part that any and all legal or equitable rights arising under state common law or statute that are equivalent to the exclusive rights set out in the Copyright Act are replaced by the protections and remedies set out in the federal statute." Stereo Optical Co., Inc. v. Thomas J. Judy, et al, 2008 U.S. Dist. LEXIS 84598 (N.D. IL., September 8, 2008). However, the act only

replaces claims that are premised upon a violation of the same rights that are protected within the statutes without any other aspects or components. Id. The conversion claim in the instant matter includes assertions and aspects that would not fall within the preemptive scope of the Copyright Act. Therefore, the claim of conversion is not preempted by the Copyright Act and the Defendants' motion to dismiss this count of the complaint should be denied in its entirety.

## ARGUMENT VIII

## DEFENDANTS' ARGUMENT THAT THE CLAIM OF TRESPASS TO CHATTELS FAILS TO STATE A CLAIM AND IS PREEMPTED SHOULD BE DENIED

Plaintiff has plead all the necessary elements of trespass to chattels and the First Amended Complaint describes in sufficient detail the allegations of trespass to chattels to give the Defendants fair notice of what the claim is and the grounds upon which it rests. Additionally, the First Amended Complaint suggests that the plaintiff has a right to relief above the speculative level.

Again, Defendants' claim that the trespass to chattels claims are barred under the statute of limitations is baseless as the First Amended Complaint clearly seeks to only pursue those claims from 2007-2009 and continuing. Once again, it is respectfully submitted that defendant re-filed its motion without reviewing the First Amended Complaint which removed those causes of action and mooted this argument.

Additionally, Plaintiff maintains that the trespass to chattels claim is not preempted by the Copyright Act as it also includes assertions and aspects that would not fall within the preemptive scope of the Copyright Act. Moreover, this issue of preemption has yet to be addressed and decided in the Northern District of Illinois or the Seventh Circuit.

For these reasons, Defendants motion to dismiss Count V of the First Amended Complaint should be denied.

## ARGUMENT IX

## DEFENDANTS' ARGUMENT THAT THE CLAIM OF UNJUST ENRICHMENT IS PREEMPTED BY THE COPYRIGHT ACT SHOULD BE DENIED

Plaintiff has sufficiently plead all the necessary elements of unjust enrichment and the First Amended Complaint describes in sufficient detail the allegations of said claim of unjust enrichment to give the Defendants fair notice of what the claim is and the grounds upon which it

rests.

Contrary to Defendants continuing statute of limitations argument, Plaintiff has also clearly set forth in its First Amended Complaint that it is pursuing only those claims accruing from 2007-2009 and continuing to the present date. Therefore, Plaintiff is not seeking to enforce any acts of unjust enrichment prior to 2007, and Defendants argument in connection therewith is moot. It is respectfully submitted that defendant re-filed its motion without reviewing the First Amended Complaint which removed those causes of action and mooted this argument.

Plaintiff argues that the claim of unjust enrichment, as with the other state law claims, contains allegations of conduct that are different than those exclusive rights governed by the federal copyright law. Therefore, Defendants' argument that the unjust enrichment claim should be dismissed must fail.

WHEREFORE, based upon the foregoing, it is respectfully requested that Defendants' Motion to Dismiss be denied in its entirety, that costs and attorneys fees be awarded to Plaintiff for the Defendants filing of this frivolous motion, and for such other and further relief as this Court may deem just and proper.

Dated: March 9, 2009                  LONSTEIN LAW OFFICE, P.C.
      Ellenville, New York           By: /s/ Julie Cohen Lonstein
                                    Julie Cohen Lonstein, Esq.
                                    Lonstein Law Office, P.C.
                                    Attorney for Plaintiff
                                    1 Terrace Hill : P.O. Box 351
                                    Ellenville, NY  12428
                                    Telephone:  (845) 647-8500
                                    Facsimile:  (845) 647-6277
                                    *Our File No. CAS07-1VA-1*

                                    /s/ Sheldon S. Gomberg
                                    Sheldon S. Gomberg, Esq.
                                    134 North La Salle Street, Suite 1208
                                    Chicago, IL 60602
                                    Telephone:  (312) 236-7414

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 9, 2009, I electronically filed Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss with the Clerk of the Court by using

the CM/EFC system which will send a notice of electronic filing to the following counsel:

Charles W. Gameros, Jr., Esq.
Hoge & Gameros, L.L.P.
4311 Oak Lawn Avenue, Suite 600
Dallas, TX 75219

Timothy J. Engling, Esq.
225 West Washington Street
Suite 2600
Chicago, IL 60606

Cara M. Houck, Esq.
225 West Washington Street
Suite 2600
Chicago, IL 60606

/s/ Julie Cohen Lonstein
Julie Cohen Lonstein, Esq.

**EXHIBIT A**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REC **TXu 1‒336‒480**

EFFECTIVE DATE OF REGISTRATION

| 1 | 22 | 07 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**1**  TITLE OF THIS WORK ▼  NotesMedic

NotesMedic PTD

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a**  NAME OF AUTHOR ▼  CASSEtiCA SOFTWARE INC

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is Yes  see detailed instructions

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed ▼  Development of Software Package

**b**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is Yes  see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed  ▼

**c**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is Yes  see detailed instructions

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed  ▼

---

**3**

**a**  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.  2006  ◀ Year in all cases.

**b**  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.  Month ▶    Day ▶    Year ▶    ◀ Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
CASSEtiCA SOFTWARE INC
1479 W Erie St
Chicago, IL  60622

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JAN 2 2 2007
ONE DEPOSIT RECEIVED
JAN 2 2 2007
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE  OFFICE USE ONLY

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE

Page 1 of _____ pages