IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSETICA SOFTWARE, INC., ) | |
| ) | Case No. 09 C 0003 |
| Plaintiff, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| COMPUTER SCIENCES CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cassetica Software, Inc. ("Cassetica") filed suit against Defendant Computer Sciences Corporation ("CSC"), claiming copyright infringement, breach of contract, violation of the Computer Fraud and Abuse Act, conversion, trespass to chattels and unjust enrichment. Pursuant to Fed. R. Civ. P. 12(b)(6), CSC has moved to dismiss Cassetica's First Amended Complaint. For the reasons stated, CSC's Motion to Dismiss is granted.

## PLAINTIFF'S ALLEGATIONS

Cassetica, a computer software developer, sells licenses that permit computer users to use its programs. (Compl. ¶ 5.)[1] To address problems that computer users experienced when the application "Lotus Notes" crashed, Cassetica developed a program named "NotesMedic." (Compl. ¶ 11.) In developing NotesMedic, Cassetica created a source code, which must be converted to object code before a computer can read the program. (*Id.*) In 2002, CSC entered into an "Enterprise Agreement" with Cassetica that granted CSC employees a non-exclusive, non-transferrable license to download and use NotesMedic from 2002-2003. (Compl. ¶¶ 18, 21-23.) To allow CSC to

---

[1] Citations to Cassetica's First Amended Complaint have been abbreviated to "Compl. ¶ __."

download NotesMedic from a website, Cassetica provided CSC with the required login and password information. (Compl. ¶ 26.) As agreed, the Enterprise Agreement expired in 2003. (Compl. ¶ 23.)

After the Enterprise Agreement expired in 2003, CSC employees continued using their previously issued login information to download copies of NotesMedic and updated versions of the program. (Compl. ¶¶ 27-31.) Since 2003, Cassetica has contacted CSC numerous times to try to stop it from downloading NotesMedic. (Compl. ¶ 32.) Despite these attempts, CSC continued to download the program from Cassetica's website. (Compl. ¶ 34.) On January 22, 2007, Cassetica obtained a Certificate of Registration for the program from the United States Copyright Office. (Compl. ¶ 16; Ex. A.)

On January 2, 2009, Cassetica filed suit against CSC for patent infringement, breach of contract, violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, conversion, trespass to chattels and unjust enrichment.[2] CSC has continued to download NotesMedic as recently as February 2009. (Compl. ¶ 34.) After Cassetica amended its Complaint, CSC moved to dismiss all counts against it.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader

---

[2] While Cassetica only expressly alleges that the Court has supplemental jurisdiction over the claims arising under state law, the Court notes that it also has diversity jurisdiction under 28 U.S.C. § 1332 because the Complaint alleges complete diversity of citizenship and the amount in controversy exceeds $75,000. Therefore, the Court has original jurisdiction, not supplemental jurisdiction, over Cassetica's state law claims.

is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

## DISCUSSION

I. Copyright Infringement

Cassetica seeks to recover statutory damages under 17 U.S.C. § 504(c)(1)-(2)[3] in addition to attorney's fees and costs under 17 U.S.C. § 505 for copyright infringement. A plaintiff may not recover statutory damages or attorney's fees when the alleged infringement commenced before the effective date of the copyright registration. *See* 17 U.S.C. § 412; *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996). Even when the plaintiff attempts to limit its claim of infringement to events that occurred after registration, § 412 prevents the recovery of statutory damages when the infringement commenced before registration of the copyright and continued after registration. *See* 17 U.S.C. § 412(1) ("no award of statutory damages or of attorney's fees . . . shall be made for any infringement of copyright in an unpublished work *commenced* before the effective date of its registration.") (emphasis added); *see also Fox Controls, Inc. v. Honeywell, Inc.*, No. 02

---

[3] In its First Amended Complaint, Cassetica seeks to recover "damages under 17 U.S.C. § 505(c)(1) and (c)(2) [sic] of up to $150,000 . . . [and] attorney fees and costs pursuant to 17 U.S.C. § 505." (Compl. ¶¶ 37-38.) The Court notes that 17 U.S.C. § 505(c) does not exist. However, 17 U.S.C. § 504(c) provides for statutory damages up to $150,000 as a remedy for willful copyright infringement as a result of patent infringement. Therefore, the Court construes Cassetica's copyright infringement claim to request statutory damages, attorney's fees and costs under 17 U.S.C. §§ 504(c), 505.

3

C 346, 2005 WL 1705832, at *8 (N.D. Ill. July 14, 2005) (Grady, J.); *X-It Prods., L.L.C. v. Walter Kidde Portable Equip., Inc.*, 227 F.Supp.2d 494, 527-28 (E.D. Va. 2002).

Here, Cassetica registered its copyright in NotesMedic on January 22, 2007 and seeks statutory damages for alleged infringement that occurred from 2007 through 2009. However, its allegations reveal that the alleged infringement began before registration of its copyright. Cassetica alleges that CSC continued to download NotesMedic after the Enterprise Agreement expired in 2003 and that it had contacted CSC about the downloads numerous times in the five years before it filed this suit. (Compl. ¶ 32.) Additionally, Cassetica claims that the download logs attached to its Complaint provide evidence that CSC continued to download the NotesMedic Software after the expiration of the Enterprise Agreement. (Compl. Ex. C.)[4] Assuming that allegation is true, the download logs show downloads that occurred from 2004 through 2008. Although Cassetica attempts to limit its recovery of statutory damages and attorney's fees to infringement that occurred from 2007-2009, after it registered its copyright, the allegations in the Complaint reveal that if CSC infringed by downloading NotesMedic, the infringement commenced before Cassetica registered the copyright. Therefore, § 412 prevents Cassetica from recovering the damages it seeks. Accordingly, Count I of Cassetica's Complaint must be dismissed.

II. Breach of Contract

Cassetica claims that CSC breached the Enterprise Agreement by downloading NotesMedic between 2007 and 2009. Under Illinois law, to state a claim for breach of contract, the plaintiff must allege: 1) the existence of a valid and enforceable contract; 2) performance by the plaintiff; 3) breach

---

[4] Because Cassetica attached the download log to its Complaint, the Court may consider it in ruling on CSC's Motion to Dismiss. *See* Fed. R. Civ. P. 10(c); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

by the defendant; and 4) damages to the plaintiff. *See Zirp-Burnham, LLC v. E. Terrell Assocs., Inc.*, 826 N.E.2d 430, 439 (Ill. App. Ct. 2005). Here, Cassetica specifically alleges that the Enterprise License and the Enterprise Agreement expired in 2003. (Compl. ¶¶ 18, 22.) It does not identify any other contract with CSC that would have been in effect between 2007 and 2009. Because the Complaint does not allege the existence of a valid and enforceable contract, Cassetica has failed to state a claim for breach of contract. Therefore, Count II is dismissed.

III. Computer Fraud and Abuse

Cassetica has also claimed that the downloads violated the CFAA. The CFAA targets attacks on computer systems that cause damage or destruction to electronic data. *See Int'l Airport Centers, L.L.C. v. Citrin*, 440 F.3d 418, 420 (7th Cir. 2006). Although the CFAA is primarily a criminal statute, it provides a private cause of action if a violation causes loss or damage, as those terms are defined in the statute. *See* 18 U.S.C. § 1030(g). To state a civil claim for violation of the CFAA, a plaintiff must allege: 1) damage or loss; 2) caused by; 3) a violation of one of the substantive provisions set forth in § 1030(a); and 4) conduct involving one of the factors in § 1030(c)(4)(A)(i)(I)-(V). *See* § 1030(g); *Kluber Skahan & Assocs., Inc. v. Cordogan, Clark & Assoc., Inc.*, 2009 WL 466812, at *6 (N.D. Ill. Feb. 25, 2009) (Zagel, J.) (citing *Motorola, Inc. v. Lemko Corp.*, — F.Supp.2d —, No. 08 C 5427, 2009 WL 383444 (N.D. Ill. Feb. 11, 2009) (Kennelly, J.)).

Under the CFAA, "the term 'damage' means any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The term "loss" also has a specific meaning under the CFAA; it refers to "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program,

system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). To state a claim under the CFAA, a plaintiff must allege damage or loss within the meaning of the statute. *See* 18 U.S.C. § 1030(g); *SKF USA, Inc. v. Bjerkness*, No. 08 C 4709, 2009 WL 1108494, at \* 15 (N.D. Ill. Apr. 24, 2009) (Pallmeyer, J.); *Motorola*, 2009 WL 383444, at \*4; *cf. Garelli Wong & Assocs., Inc. v. Nichols*, 551 F.Supp.2d 704, 708 (N.D. Ill. 2008) (Kocoras, J.) (finding that the CFAA requires a plaintiff to plead both damage and loss in order to survive a motion to dismiss).

In interpreting the definition of "damage" under the CFAA, other courts have consistently found that merely copying electronic information from a computer system does not satisfy the "damage" element because the CFAA only recognizes damage to a computer system when the violation caused a diminution in the completeness or usability of the data on a computer system. *See, e.g., Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l Inc.*, No. 07 C 5901, 2009 WL 743215, at \*2 (N.D. Ill. Mar. 19, 2009) (Hibler, J.); *Kluber Skahan*, 2009 WL 446812, at \*7; *Sam's Wines & Liquors, Inc. v. Hartig*, No. 08 C 570, 2008 WL 4394962, at \*3 (N.D. Ill. Sept. 24, 2008) (Darrah, J.); *Garelli Wong*, 551 F.Supp.2d at 709; *Worldspan, L.P. v. Orbitz, LLC*, No. 05 C 5386, 2006 WL 1069128, at \*5 (N.D. Ill. Apr. 19, 2006) (Grady, J.); *see also Citrin*, 440 F.3d at 420 (finding plaintiff stated a claim under the CFAA when it alleged that a former employee destroyed computerized files). Here, Cassetica makes the bare allegation that CSC's downloads of NotesMedic caused "harm to [its] data, programs and computer systems . . . ." (Compl. ¶ 55.) Cassetica does not allege any facts that would plausibly suggest that the downloads caused a diminution in the completeness or usability of its computerized data. Critically absent from the Complaint are allegations that CSC's downloads resulted in lost data, the inability to offer

6

downloads to its customers, or that the downloads affected the availability of the software. Instead, Cassetica only alleges that CSC improperly downloaded a program. Therefore, Cassetica has failed to properly allege that CSC's downloads caused "damage" within the meaning of the CFAA.

With respect to "loss" under the CFAA, other courts have uniformly found that economic costs unrelated to computer systems do not fall within the statutory definition of the term. *See, e.g., SKF*, 2009 WL 1108494, at *16 (citing *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F.Supp.2d 468 (S.D.N.Y. 2004), *aff'd*, 166 Fed. Appx. 559 (2d Cir. 2006)); *Garelli Wong*, 551 F.Supp.2d at 711. Because of the CFAA's definition of "loss," to state claim based upon a loss, the alleged loss must relate to the investigation or repair of a computer system following a violation that caused impairment or unavailability of data. *See* 18 U.S.C. § 1030(e)(11); *Del Monte*, 2009 WL 743215, at *4; *First Mortgage Corp. v. Baser*, No. 07 C 6735, 2008 WL 4534124, at *3 (N.D. Ill. Apr. 30, 2008) (Moran, J.). Therefore, courts have found that costs that are not related to the impairment or damage to a computer or computer system are not cognizable "losses" under the CFAA. *See SKF*, 2009 WL 1108494, at *16 (lost revenue caused by copying confidential information not compensable "loss" under CFAA); *Del Monte*, 2009 WL 743215, at *4 (in absence of impairment or unavailability of computerized data, costs incurred for "damage assessment" not recoverable under the CFAA).

Here, Cassetica claims that its losses primarily consist of the lost fees that it would have received if CSC had paid to download the NotesMedic software. (Compl. ¶ 54.) Lost revenues that are not related to the impairment of a computer system are not recoverable under the CFAA. *See* 18 U.S.C. § 1030(e)(11) (defining loss as "any revenue lost . . . *because of the interruption of service.*") (emphasis added). Because Cassetica has not alleged that it lost revenues as a result of

an interruption in service caused by CSC, its claim for lost revenue falls outside of the statutory definition of "loss." Similarly, Cassetica claims that it incurred costs in "assessing and responding to the improper actions of [CSC]." (Compl. ¶ 54.) Again, Cassetica has not properly alleged that it incurred an interruption of service or an impairment of data. The CFAA only permits the recovery of costs incurred for damage assessment or recovery when the costs are related to an interruption of service. *See* 18 U.S.C. § 1030(e)(11) (defining "loss" as the cost of "conducting a damage assessment . . . incurred *because of the interruption of service.*") (emphasis added). Although it makes the conclusory allegation that CSC's access "impaired [Cassetica's] data, programs and information," Cassetica does not allege any facts that would plausibly suggest that CSC's downloads caused any interruption of service or impairment of data. Therefore, Cassetica has failed to allege that it suffered a "loss" within the meaning of the CFAA.

In order to state a claim under the CFAA, a plaintiff must allege that it suffered either damage or loss. *See* 18 U.S.C. § 1030(g). Here, Cassetica has failed to allege that it incurred damage or loss cognizable under the CFAA. Therefore, Cassetica's CFAA claim must be dismissed for failure to state a claim.

IV. Conversion

Cassetica also brings state law claims against CSC for conversion, trespass to chattels and unjust enrichment based upon CSC's downloads of the NotesMedic software. Federal copyright law preempts state laws when: 1) the work at issue is fixed in a tangible medium of expression and comes within the subject matter of the Copyright Act; and 2) the state law gives rights that are equivalent to the rights within the general scope of copyright protections as set forth in 17 U.S.C. § 106. *See* 17 U.S.C. § 301(a); *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 909 (7th Cir. 2005).

Even if the particular expression in question is not copyrighted or copyrightable, state laws that "intrude on the domain of copyright are preempted . . . ." *Toney*, 406 F.3d at 911 (citing *Baltimore Orioles v. Major League Baseball Players Ass'n*, 805 F.2d 663 (7th Cir. 1986)). Computer software is a work fixed in a tangible medium of expression. *See ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996). Therefore, the Copyright Act will preempt Cassetica's state law claims for conversion, trespass to chattels and unjust enrichment to the extent that those claims are based upon the rights secured by copyright law.

Federal copyright law provides copyright holders with five exclusive rights: 1) reproduction; 2) adaptation; 3) publication; 4) performance; and 5) display. *See* 17 U.S.C. § 106. Therefore, "to avoid preemption, a state law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law-i.e., conduct other than reproduction, adaptation, publication, performance, and display." *See Toney*, 406 F.3d at 910. Copyright law protects computer programs by giving copyright owners the exclusive right to reproduce copies of the program, including both the source code and the object code. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234-35 (7th Cir. 1995). Here, Cassetica bases its state law claims entirely upon CSC's unauthorized downloads of the NotesMedic software. (Compl. ¶¶ 58, 70, 74.) Because Cassetica's state law claims arise exclusively from conduct governed by the Copyright Act, they are preempted. Accordingly, Counts III-VI must be dismissed.

**CONCLUSION AND ORDER**

For the reasons stated, CSC's Motion to Dismiss is granted.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: June 18, 2009